IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01135–WDM–KMT

GEORGE FRANCIS OSEI,

    Plaintiff,

v.

JAMES BROOKS,
DAVID NGUYEN,
T. TOBIN, and
THE CITY AND COUNTY OF DENVER,

    Defendants.

## **ORDER**

This matter is before the court on Defendants' "Motion for Protective Order to Stay Discovery Pending Resolution of Their Motion to Dismiss" (Doc. No. 20 [Mot.], filed July 7, 2011). Plaintiff filed a response opposing the stay on July 8, 2011 (Doc. No. 23 [Resp.]), and Defendants filed their reply on July 22, 2011 (Doc. No. 38 [Reply]). The motion is ripe for ruling.

In this civil rights suit, Plaintiff asserts claims that the defendants violated his Fourth and Fourteenth Amendment rights by placing him into a temporary cell, denying him drinking water, torturing him with tight handcuffs, and forcing his face into toilet water on the jail cell floor. (Doc. No. 2 at 1–2.) The defendants include the City and County of Denver and three police officers or jail guards employed by the City and County of Denver. (*Id.* at 2–3.)

Defendants move to stay discovery and for a protective order on the grounds that their assertion of qualified immunity entitles them to a stay pending a determination of their immunity. (Mot.) Plaintiff opposes the Motion to Stay, arguing "(1) there is no motion to dismiss pending that could justify a stay of discovery, (2) the mere assertion of the potential for a qualified immunity defense cannot be used to delay discovery without a greater showing of its validity, and (3) even if there were a motion to dismiss, it would be substantially groundless and could not justify a stay." (Resp. at, ¶ 3.)

As to Plaintiff's first argument, the court notes that Defendants filed their first "Motion to Dismiss Plaintiff's Amended Complaint for Damages" (Doc. No. 14) on June 10, 2011, prior to filing their Motion to Stay. On July 12, 2011, Plaintiff filed his "Second Amended Complaint for Damages" (Doc. No. 28). Defendants asserted in their Motion to Stay that they would be filing a Motion to Dismiss Plaintiff's Second Amended Complaint, asserting the same arguments and defenses they argued in their originally-filed Motion to Dismiss. (Mot. at 3.) Indeed, on July 14, 2011, Defendants filed their "Motion to Dismiss Plaintiff's Second Amended Complaint for Damages" (Doc. No. 30). As such, Plaintiff's argument that there is no motion to dismiss pending that could justify a stay of discovery is nonsensical.

In their "Motion to Dismiss Plaintiff's Second Amended Complaint for Damages," Defendants assert they are entitled to qualified immunity. (Doc. No. 30.) Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)

2

(Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir.1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.  Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.  The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of discovery, this court has considered: 1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiff argues that the *String Cheese* factors weigh against a stay of discovery. First, Plaintiff claims that he has an interest in proceeding in this action without the prejudice of continued delay. (Resp. at 6.) Plaintiff argues there is a continuing risk of evidence loss as the memories of witnesses will fade. (*Id.*) The court recognizes the possibility of some prejudice to

4

Plaintiff if his case is delayed; however, this prejudice does not outweigh the burden on Defendants.  Here, Defendants argue in their Motion to Dismiss that Plaintiff failed to allege the facts necessary to state a constitutional violation and that the defendants did not violate clearly established law.  If the Court agrees, this would entitle the defendants to qualified immunity.[1] While the court expresses no opinion about the merits of Defendants' Motion to Dismiss, the court considers that Defendants have made a colorable argument.  Because qualified immunity is meant to free a defendant from the burdens of litigation, allowing discovery to proceed would necessarily burden the Defendants as the defense would be lost.

Plaintiff also argues that there is a public interest to be vindicated by this type of civil rights case, and that delaying this case will delay an important opportunity to discover the extent to which these defendants engaged in misconduct, especially in light of the recent allegations of other incidents of police misconduct in the City and County of Denver in 2011.  (Resp. at 6.) Defendants argue that the public interest weights in favor of staying discovery because the United States Supreme Court and the Tenth Circuit have issued numerous opinions stating that the purpose of qualified immunity is to shield public officials from distracting discovery that disrupts effective government and negatively impacts their job performance.  (Reply at 4 [citing *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996);

---

[1] Determination of the qualified immunity defense on a dispositive motion involves a two-pronged inquiry: whether the facts that the plaintiff has alleged or shown make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  *Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009)

*Swanson v. The Town of Mountain View, Colo.*, 577 F.3d 1196, 1199 (10th Cir. 2009)].)  The court agrees with the defendants.

Finally, Plaintiff has not made any arguments as to the remaining *String Cheese* factors regarding the Court's interest or the interests of nonparties.  Though the court does have an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery proceeds only to have the case dismissed on qualified immunity grounds.

Balancing the five *String Cheese* factors, the court finds that a stay of discovery is appropriate in this case.  Therefore, it is

**ORDERED** that Defendants'Defendants' "Motion for Protective Order to Stay Discovery Pending Resolution of Their Motion to Dismiss" (Doc. No. 20 ) is **GRANTED**.  All discovery in this matter is hereby **STAYED** pending ruling on Defendants' Motion to Dismiss (Doc. No. 30).  The deadlines set in the "Scheduling Order" (Doc. No. 37) are **VACATED**.  The parties shall file a joint status report within ten days of a ruling on the pending motion to dismiss, if any portion of the case remains pending, to advise if the deadlines should be reset.

Dated this 25th day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge