IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01135–PAB–KMT

GEORGE FRANCIS OSEI,

      Plaintiff,

v.

JAMES BROOKS,
DAVID NGUYEN,
T. TOBIN, and
THE CITY AND COUNTY OF DENVER,

      Defendants.

## ORDER

      This matter is before the court on Plaintiff's "Motion to Lift Stay of Discovery" (Doc. No. 51, filed January 18, 2012). Plaintiff seeks an order lifting the stay of discovery in this case in light of this court's previous Order converting Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. No. 30) into a motion for summary judgment because of evidence outside the pleadings submitted by the defendants in support of their motion.[1] (*See* Doc. No. 50.)

---

[1] "A 12(b)(6) motion must be converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a motion by [Fed. R. Civ. P.] 56.'" *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(d)).

In its Order converting the motion to dismiss into a motion for summary judgment, the court advised Defendants that, if they did not wish to have the court consider their converted motion for summary judgment, they could file answers or an amended motion to dismiss, as well as a motion to withdraw their converted motion for summary judgment.[2] (Doc. No. 50 at 2.) In the event the defendants did not file answers, an amended motion to dismiss, or a motion to withdraw their converted motion for summary judgment, the court set a briefing schedule for the converted motion for summary judgment. (*Id.*)

Defendants did not file answers, an amended motion to dismiss, or a motion to withdraw their converted motion. On January 18, 2012, Plaintiff filed a motion for extension of time to file a response to the converted motion for summary judgment and the motion to lift the stay to allow for discovery. (Doc. Nos. 50 and 51.) On January 19, 2012, this court held a hearing on the motion to lift the stay of discovery and subsequently allowed briefing on the motion. (Doc. No. 55.)

The parties disagree regarding whether the stay should be lifted. Moreover, though it appears some discovery may be necessary if the court proceeds in considering the converted motion for summary judgment and the exhibits submitted by Defendants, Plaintiff has not specified what discovery would be necessary to respond to the converted motion for summary judgment. Rather, he insists that he be allowed full discovery. Now, after a further review of the

---

[2]The court notes that Defendants represented that they would withdraw Exhibits B-D submitted in support of their motion to dismiss if the court determined it would consider the exhibits only if ruling on a summary judgment motion. (*See* Doc. No. 48 at 12 n.4.)

converted motion for summary judgment and the motion to lift the stay, the court has determined the motion to dismiss was improvidently converted into one for summary judgment. Thus, the court will convert the motion back into a motion to dismiss and consider the briefing previously submitted by the parties. However, the court will not consider any evidence for which judicial notice cannot be taken. Therefore, it is

ORDERED that Plaintiff's "Motion to Lift Stay of Discovery" (Doc. No. 51) is DENIED as moot. The stay will remain in place pending a ruling on the motion to dismiss.

Dated this 17th day of February, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge